```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

BHARRAT STEVEN PARDASSEE,     )
                              )
     Plaintiff,               )
                              )   Civil Case No. 14-cv-145-JMH
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )   MEMORANDUM OPINION & ORDER
     Defendant.               )
                              )
```

                                 ***

This matter is before the Court upon Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE 26]. Plaintiff, proceeding *pro se*, has filed a Response in which he asks the Court to defer consideration of the motion and permit additional time to take discovery, as well as for the Court's assistance in obtaining that discovery. Fed. R. Civ. P. 56(d).

**I.**

Plaintiff Bharratt Steven Pardassee seeks relief under the Federal Tort Claims Act for injuries allegedly sustained while he was incarcerated at the Federal Medical Center-Lexington. He complains that he was injured as a result of prison employees' negligence when they failed to provide him with timely medical care while he was incarcerated. He avers that he repeatedly sought medical assistance over the course of almost five hours after he experienced shortness of breath, numbness, and chest

pains and collapsed following a regular exercise routine, but that medical and non-medical prison personnel (first a nurse, then a unit officer, then a lieutenant) delayed seeking medical care for him. He further avers that he had suffered a heart attack or myocardial infarction and that he now suffers from "akinetic stenosis" which causes permanent and persistent damage to his body as a result of the delay in treatment for that heart attack. Pardassee avers that the delay constituted a breach of the applicable duty of care owed to him and that the alleged delay in treatment was the proximate cause of his injury.

In support of his case, he has presented a letter which serves as an expert or opinion witness report from Francis T. Thandroyen, M.D., his treating cardiologist in Greenville, South Carolina. [*See* DE 25.] In that letter, Dr. Thandroyen writes:

> My initial contact with Mr. Pardassee occurred on March 19, 2015, at which time I became aware, upon Mr. Pardassee's account, that there was a delay in treatment of a myocardial infarction on August 1, 2012[,] while in jail. He states he suffered a sudden onset of "shortness of breath, numbness, and chest pains," indicative of acute distress which required immediate evaluation and treatment. As a cardiologist, I recommend to all my patients that when sudden, acute chest pain occurs, that they seek immediate medical attention to assess whether they are having a heart attack. If the cause of chest pain or shortness of breath is from a heart attack, failure to receive immediate medical attention, assessment, and treatment can result in more extensive damage of the cardiac muscle or

2

> even cardiac death. This damage can adversely affect cardiac prognosis in subsequent years.

[DE 25-1 at 1; PageID#: 107.]

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment the court must construe the facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see, e.g., Huffman v. United States*, 82 F.3d 703, 705 (6th Cir. 1996) (holding that Kentucky law provided cause of action of nuisance in FTCA claim against United States). Because the alleged acts of negligence occurred

3

in Kentucky, Plaintiff's claims sound in negligence and, with respect to medical personnel, medical malpractice under Kentucky law. *Id.*

For a plaintiff to establish a cause of action for common law negligence in Kentucky, he must prove the following elements: (1) duty of care; (2) breach of that duty; (3) actual injury, and (4) that the injury was proximately caused by the negligence. *See Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992) (citing *Illinois Central R.R. v. Vincent*, 412 S.W.2d 874, 876 (Ky. 1967)). To establish a prima facie case of medical malpractice under Kentucky law,

> . . . a plaintiff must introduce evidence, in the form of expert testimony, demonstrating (1) the standard of care recognized by the medical community as applicable to the particular defendant, (2) that the defendant departed from that standard, and (3) that the defendant's departure was a proximate cause of the plaintiff's injuries.

*Heavrin v. Jones*, No. 02-CA-000016-MR, 2003 WL 21673958, at *1 (Ky. Ct. App. July 18, 2003) (citing *Reams v. Stutler*, 742 S.W.2d 586 (Ky. 1982); *Jarboe v. Harting*, 397 S.W.2d 775 (Ky. 1965)).

Except in very limited circumstances in a medical negligence case, the Plaintiff "is required to present expert testimony that establishes (1) the standard of skill expected of

4

a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006); *Sakler v. Anesthesiology Associates, P.S.C.*, 50 S.W.3d 210, 213 (Ky. Ct. App. 2001) (holding that expert's opinion must be based "on reasonable medical probability and not speculation or possibility"); *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991) ("It is an accepted principle that in most medical negligence cases, proof of causation requires the testimony of an expert witness because the nature of the inquiry is such that jurors are not competent to draw their own conclusions from the evidence without the aid of such expert testimony."); *see also Hernandez v. United States*, No. 08-CV-195-KSF, 2009 WL 1586809 *6 (E.D. Ky. June 5, 2009) ("It is the Plaintiff's burden to find a doctor who will testify to the standard of treatment of each condition and testify that in his or her expert opinion, the standard was breached by the federal employee(s) in this case."); *Cuco v. United States*, CV:5-07-338-JMH, 2008 WL 4526196, 2 (E.D.Ky. September 30, 2008) ("Kentucky law requires a medical malpractice plaintiff to support [his] allegations that the defendant physician's treatment did not meet the applicable standard of care with expert testimony to this effect as part of his prima facie case."); *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). In this instance,

5

even if the Court assumes that the Dr. Thandroyen's expert report sets forth a standard of care (for example, immediate, appropriate medical attention "when sudden, acute chest pain occurs") by which this matter may be evaluated, he offers only general commentary on the potential dangers associated with the failure to receive immediate medical attention, assessment, and treatment for suspected myocardial infarction. Dr. Thandroyen does not offer an opinion as to what action or inaction by prison personnel constituted a breach of that standard of care in this case, what injury Plaintiff suffered as a result of any breach, or whether such a breach could be the proximate cause of "akinetic stenosis," which Plaintiff claims as his injury in his Complaint.

Thus, the Court agrees with the United States that Pardassee is unable to establish medical malpractice based on the action or inaction of prison medical personnel. Further, the Court agrees that Pardassee cannot establish negligence based on the action or inaction of non-medical prison personnel since he has offered no opinion proof regarding the causation of his alleged injury. Summary judgment in favor of the United States is appropriate. *See Andrew v. Begley*, 203 S.W.3d at 170 ("To survive a motion for summary judgment in a medical malpractice in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper.")

6

**IV.**

Finally, the Court denies Plaintiff's request that the undersigned defer considering this dispositive motion or deny it in order to permit him more time to obtain documents and reports made on the day of the incident from the United States. Such relief is available under Federal Rule of Civil Procedure 56(d) only when a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Ignoring the absence of an affidavit or declaration from Pardassee for the moment, he has failed to set forth specific reasons why he has failed to obtain a report from an expert which offers an opinion on the necessary elements of negligence, including medical malpractice, as set forth above.[1]

**V.**

There being no genuine issue of material fact, summary judgment in favor of the United States is appropriate.

Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's request for relief under Fed. R. Civ. P. 56(d) [DE 29] is **DENIED;**

---

[1] Of note, Dr. Thandroyen's records, attached to his letter opinion, suggest that the limpness or numbness in the left side of his body is the result of issues arising in his cervical spine, not as a result of any cardiac or vascular issue. [*See* DE 25-1 at 2-11; Page ID#: 108-117.] It strikes the Court as unlikely that Dr. Thandroyen simply overlooked causality—rather he was unable to offer an opinion which would support Plaintiff's claim.

(2) that Defendant's Motion to dismiss or, in the Alternative, for Summary Judgment [DE 26] is **GRANTED**.

This the 23rd day of July, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge